## Rendino v. Roy Rogers Family Restaurants

*George A. D'Angelo,* for plaintiff.
*Joseph R. Thompson,* for defendant.

JAMISON, *J.,* December 1, 1977—The question presented in this motion for sanctions is whether a plaintiff is required to answer defendant's interrogatories when defendant has failed to produce a copy of a statement given by plaintiff to defendant prior to discovery. As plaintiff correctly asserts in his answer to defendant's motion for sanctions, the Pennsylvania lower courts have consistently held that where a defendant has secured a statement from a plaintiff and then seeks discovery information, the courts will not order plaintiff to answer unless defendant has first supplied plaintiff with a copy of his statement.

The leading case addressing this issue is Perkins v. Pittsburgh Railways Co., 6 D.&C. 2d 655, 656, 657 (1955). There, the court held that: "It is the opinion of this court that if defendant is seeking answers to the interrogatories in good faith, then there should be no objection to furnishing plaintiff with a copy of her prior written statement. Otherwise, it would appear that defendant's motive is not to obtain aid in the preparation of its case but rather to place plaintiff in an unfavorable tactical

position. Therefore, this court will not sanction plaintiff for refusing to answer the interrogatories, other than those interrogatories requesting the names of witnesses, unless defendant furnishes plaintiff with a copy of her written statement."

As a result, the court concluded:

"It is further ordered and decreed that upon defendant furnishing plaintiff with a true and correct copy of the written statement taken by defendant's investigator, an order of sanction be entered against plaintiff."

See also, Gramiak v. Raines, 55 D.&C. 2d 586, 589 (1972); Phelps v. Gregg, 38 D.&C. 2d 753 (1966); Baukal v. Acme Markets, 38 D.&C. 2d 86 (1966); Davis v. Zazow, 23 D.&C. 2d 143 (1960).

Because defendant failed to supply plaintiff with a copy of his prior written statement, this court believes that defendant is not seeking answers to its interrogatories in good faith, as required by Pa. R.C.P. 4011(a). Therefore, plaintiff will not be ordered to answer defendant's interrogatories until defendant first produces a copy of plaintiff's prior statement to the defendant.

## ORDER

And now, December 1, 1977, it is hereby ordered and decreed that defendant's motion for an order of sanctions against plaintiff for refusing to answer interrogatories is denied.

It is further ordered and decreed that upon defendant's furnishing plaintiff with a true and correct copy of the written statement taken by defendant, plaintiff shall answer defendant's interrogatories in writing. If plaintiff fails to comply with this order, an appropriate order of sanctions will be entered.